WILLIAMS v CRITTENTON HOSPITAL

DISCOVERY—PRETRIAL CONFERENCE—COURT RULES—WAYNE COUNTY.

Discovery proceedings in Wayne County may not be conducted after completion of the pretrial conference, except that physical examinations of a party before trial may be ordered in the pretrial conference summary statement; a trial judge, outside Wayne County, has some discretion to permit discovery after the pretrial conference (GCR 1963, 301.7; Wayne County Circuit Court Rule 12.7).

Appeal from Wayne, Charles S. Farmer, J. Submitted June 6, 1975, at Detroit. (Docket No. 21548.) Decided July 22, 1975.

Complaint by Harold Williams, administrator of the estate of Patricia Williams, deceased, against Crittenton Hospital and E. Aboulafia for damages for malpractice. Plaintiff's motion for production of certain documents, made after a pretrial conference, was granted. Crittenton Hospital appeals by leave granted. Order vacated and case remanded.

*Bell & Brown, P. C.,* for plaintiff.

*Alexander, Buchanan & Seavitt* (by *John N. Highland),* for Crittenton Hospital.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

REFERENCES FOR POINTS IN HEADNOTE

62 Am Jur 2d, Pretrial Conference § 1 *et seq.*

Power of court to adopt general rule requiring pretrial conference as distinguished from exercising its discretion in each case separately. 2 ALR2d 1061.

R. B. Burns, J. Defendant, Crittenton Hospital, was ordered by the trial judge to produce certain hospital records, notes and documents made by a nurse anesthetist.

The Court granted leave to appeal and stayed proceedings in the trial court.

The facts are stipulated on appeal. This appeal arises out of a malpractice suit. The pretrial conference was held on April 29, 1974. On July 2, 1974, plaintiff filed a motion to produce certain documents, namely: all records of patients in the operating and recovery rooms of Crittenton Hospital from November 9, 1966 to November 9, 1967, to whom nurse anesthetist Emma Chaney was assigned; all discharge summaries from that period; and the minutes of all meetings of general surgeons, etc., held relative to the subject matter of nurse anesthetist Chaney.

Defendant claims the trial court erred by issuing the discovery order after the pretrial conference in violation of Wayne County Circuit Court Rule 12.7, as amended April 15, 1971, which reads:

"Time Limit for Discovery. No discovery proceedings shall be conducted after completion of the pretrial conference provided by this rule; provided, however, that physical examination of a party before trial may be ordered in the pretrial conference summary statement."

The above is a mere repetition of that version of GCR 1963, 301.7 applicable in Wayne County. The text of GCR 1963, 301.7 applicable in counties other than Wayne reads:

"Time Limit for Discovery. No discovery proceedings shall be conducted after completion of the pretrial conference provided by this rule or after waiver of

pretrial in accordance with sub-rule 301.8 unless subsequently ordered by the court on written motion for cause shown * * * ."

The version applicable to Wayne County omits the "unless" clause. The omission is deliberate. The discovery order issued by the trial judge is in violation of GCR 1963, 301.7 as applied to Wayne County and must be vacated.

The case is remanded to the Wayne County Circuit Court for disposition in accordance with this opinion.

Costs to defendant.